Charles Edward **HARDIN**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 44070.

Court of Criminal Appeals of Texas.

Oct. 6, 1971.

Merritt F. Hines, Tom Parker, Midland, for appellant.

James A. Mashburn, Dist. Atty. and Joel D. Conant, Asst. Dist. Atty., Midland, Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

This is an appeal from a conviction for robbery by assault. A prior conviction for an offense of like character was alleged for enhancement. The punishment was assessed at life.

It is contended that the court erred in refusing to issue bench warrants for witnesses who were incarcerated in prison and in jail and for trying appellant while he was shackled.

We affirm.

The sufficiency of the evidence is not challenged.

The evidence shows that the appellant at gun point robbed Joe Hemingway, an employee of a grocery store in Midland, of some $240.

Some four days prior to the trial, the appellant's counsel filed an application for bench warrants for Theo Rae Thames, Russell Chamberlain and Raymond Lee Brown who were in the Tarrant County jail, and for Nancy Haggard and Pat Wayne Gilliland who were both in the Texas Department of Corrections. It was alleged that they were to be used as alibi witnesses. There has been no showing

that the witnesses would have testified to an alibi or that their testimony would have been material.

■ It is a fundamental element of due process of law that an accused has the right to present his own witnesses to establish a defense, and due process is denied when the State arbitrarily denies the accused the right to put on the stand a "witness who was physically and mentally capable of testifying to events that he had personally observed, and whose testimony would have been relevant and material." Washington v. Texas, 388 U.S. 14, 87 S.Ct. 1920, 18 L.Ed.2d 1019 (1967).

In Cruz v. State, Tex.Cr.App., 441 S.W. 2d 542, we reversed a conviction in which the trial court denied defendant's timely application to subpoena and issue a bench warrant for his co-defendant who had been convicted on a plea of guilty and who was a penitentiary inmate. The trial court denied the application pursuant to Article 82, Vernon's Ann.P.C., and Article 711, V.A. C.C.P., which were then in force but later repealed by the Texas Legislature. Our reversal was based on Washington, supra.

In Washington, the defendant and the denied witness were coindictees for the same offense. Washington v. State, Tex. Cr.App., 400 S.W.2d 756. In Cruz, the defendant and the denied witness were co-defendants indicted for the same offense. In each case the materiality of the testimony of the denied witness was sufficiently established.

The materiality of a witness' testimony is the touchstone for determining whether reversible error was committed in denying compulsory process. "The Framers of the Constitution did not intend to commit the futile act of giving to a defendant the right to secure the attendance of witnesses whose testimony he had no right to use." Washington v. Texas, supra.

The issue before us in the instant case is what measure of materiality is necessary before the court will commit reversible er-ror by denying compulsory process of a witness.

Where a defendant seeks a continuance because of an unavailable witness the Texas Legislature demands that the motion set forth the "facts which are expected to be proved by the witness, and it must appear to the court that they are material." Article 29.06(3), V.A.C.C.P. It is further required that "the facts set forth in said motion were probably true." Article 29.06(6), V.A.C.C.P. As a minimum requirement to determine the materiality and truth of the facts set forth the Legislature has also determined that "[a]ll motions for continuance on the part of the defendant must be sworn to by himself." Article 29.08, V.A. C.C.P.

This Court has consistently and recently held that no reversible error exists where a defendant sought either a continuance to get his witness, or an "attachment of witness," where the defendant did not offer a sworn statement at the time of the motion saying what the witness would have testified to." Brito v. State, Tex.Cr.App., 459 S.W.2d 834. See also Ex parte Selby, Tex.Cr.App., 442 S.W.2d 706.

■ The same rights of a defendant are at stake when he seeks a continuance to get a witness, an attachment of a witness, or a bench warrant for a witness: has his constitutional right to compulsory process of a witness been denied. The same issue is before the court in each instance: whether the request of a witness by the defendant is a futile act which will only serve to cause delay rather than to promote justice. Where a defendant seeks compulsory process for a witness to appear in his defense which results in a continuance, an attachment, or a bench warrant the court is within its rights to demand sufficient appearance of the materiality of the witness' testimony. An affidavit or sworn testimony by the defendant saying what the witness would testify to is a reasonable minimum requirement.

■ In the instant case the appellant did not make a sworn statement and said nothing. His attorney took the stand during the trial to state that his work product and investigation convinced him that these five witnesses would, if present, have testified that appellant could not possibly have been in the City of Midland on the day alleged in the indictment. He further testified that neither he nor his investigator had seen or talked to any of the five witnesses and did not know what they would say. The record is devoid of any showing during the trial or in a motion for new trial of what the witnesses would have testified or if they were willing to testify.

■ The order denying appellant's motion for a bench warrant recited that the witnesses were "material alibi witnesses." This Court is not bound by the conclusion of the trial court when the record does not support that conclusion but affirmatively shows that appellant or his attorney did not know that those named in the application for the bench warrants were material witnesses.

Taylor v. State, Tex.Cr.App., 243 S.W.2d 583, held there may be a certification of error, nevertheless, such being a mere conclusion upon the part of the trial court, this Court will look to the whole record, and if therein be found a contradiction of such certification such could be utilized in disposition of the matter.

In Sublett v. State, 158 Tex.Cr.R. 627, 258 S.W.2d 336, the Court stated:

"The facts are before us as they were before the trial judge. We alone reserve the right to pass upon what effect those facts had upon the trial of the accused. * * *"

See also Free v. State, 165 Tex.Cr.R. 374, 307 S.W.2d 808; Johnson v. State, Tex. Cr.App., 366 S.W.2d 560; Moore v. State, Tex.Cr.App., 380 S.W.2d 626.

In Ex parte Marez, Tex.Cr.App., 464 S. W.2d 866, it is written: "This court is not bound by the findings of the trial court that petitioner was deprived of a fair trial * * *."

■ Generally, it is presumed that the trial court ruled correctly and an appellant must show that the trial court committed reversible error. It would be an almost impossible burden to have the State prove that five or perhaps a dozen convicts would not testify as alleged by a defendant or to show that they were not material witnesses. The rule should not be changed in the present case especially where the attorney for appellant testified that neither he nor his investigator had talked to the witnesses and did not know what their testimony would be.

It is contended that reversible error was committed because the trial court proceeded with the trial with the appellant shackled.

Appellant objected because he had "been brought into court in shackles, same being leg irons attached to each leg by a chain." The prosecutor then stated to the court that the shackles were not observable by the jury panel and that the appellant was not brought into the courtroom in the presence of the jury and that the shackles would not be observed by the jury panel. The prosecutor stated that the State would offer evidence of appellant's intent to break jail by his letters and by witnesses if the court so desired and would introduce copies of the convictions of his jail break attempt by use of firearms in Tarrant County.

Appellant's counsel countered that Hardin had "not been finally convicted of said offense" and that the offense could not be used to substantiate the State's position. He also stated that the leg irons could not be concealed from the jury panel.

■ The court overruled the motion. The matter was not pursued further. There is no showing that any juror saw or

**64**

knew that appellant had on leg chains or was prejudiced in any way.[1] Absent such a showing, no reversible error is presented.

The judgment is affirmed.

1. It would be a better practice for the trial court to include in the record the reasons for allowing the appellant to be tried in leg chains. Record keeping for appellate and post-conviction review is all

important. See Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274, which was reversed because the record did not affirmatively show that Boykin was properly admonished.