**Richard Jay ROSS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 46156.**

Court of Criminal Appeals of Texas.

Nov. 1, 1972.

Fred Time, Dallas, for appellant.

Henry Wade, Dist. Atty., and Jerome L. Croston, Jr., Asst. Dist. Attys., Dallas, and Jim D. Vollers, State's Atty., Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

This is an appeal from an order revoking probation.

Appellant was convicted for the possession of marihuana on September 29, 1970, assessed a five (5) year sentence, and placed on probation. One of the terms of his probation was a provision that he not violate the laws of this or any other state or the Federal government. On November 11, 1971, the State filed a motion to revoke alleging appellant possessed marihuana in violation of the terms of his probation.

■ Appellant's first contention is that the record does not show that he was informed of the conditions of his probation. At the hearing on the motion to revoke appellant acknowledged that he had been given a copy of the conditions of his probation on the day probation was granted and a copy of the terms of probation agreed to by appellant on that day is a part of the record in this case. Smith v. State, Tex. Cr.App., 422 S.W.2d 440.

Appellant's first contention is overruled.

■ His second contention is that the evidence upon which the State relied for revocation was unconstitutionally obtained. Officer Duell testified that at 1:30 a. m. on the night in question he observed an automobile pull out from a shopping center with a defective muffler, that he stopped the same, and asked the appellant, who was the driver, for his driver's license. At this time Officer Ivy arrived and testified that he observed a tire tool lying on the back-

seat and asked the appellant and his companion to get out of the automobile. Ivy also stated that appellant and his juvenile companion, Peter Railsback, appeared lethargic and smelled of marihuana. There was also a strong odor of marihuana in the automobile. In the search of the appellant's person a smoking pipe was found in his coat pocket. An examination of the pipe revealed burnt and unburnt marihuana particles. A search of the automobile revealed another tire tool on the front floorboard and two cigarette butts, shown to contain marihuana, in the dash ashtray.

The officers had sufficient probable cause. Adair v. State, Tex.Cr.App., 482 S.W.2d 247.

Appellant's contention is overruled.

■ Appellant's third contention is that the evidence is insufficient to show that appellant knew that the substance found in the pipe and in the cigarette butts was contraband. We call attention to appellant's primary conviction together with the smell emanating from within the automobile which was identified as marihuana by the arresting officers.

This contention is overruled.

■ Contention four is that the trial court erred in failing to determine whether or not the witness Railsback asserted his claim of privilege against self-incrimination in good faith. Appellant called the witness and he declined to testify on the grounds that to do so might incriminate him. This was done upon the advice of his attorney, the Honorable Phil Burleson who was representing the witness and who was present at the trial. Nothing further was required of the court.

Contention four is overruled.

■ Contention five is that the court erred in failing to grant the witness Railsback immunity at the behest of appellant's counsel. The court could not have granted such immunity without the joinder of the

State. Wallace v. State, 145 Tex.Cr.R. 625, 170 S.W.2d 762. No effort was made to enlist the aid of the State. No error is shown.

Finding the evidence sufficient to support this conviction and no reversible error the judgment is affirmed.