**James Martinez MENDOZA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–90–01013–CR.**

Court of Appeals of Texas, Dallas.

April 3, 1992.

Discretionary Review Refused June 24, 1992.

---

Allen Fishburn, Dallas, for appellant.

Teresa Tolle, Dallas, for appellee.

Before LAGARDE, KINKEADE and CHAPMAN, JJ.

### SUPPLEMENTAL OPINION ON PETITION FOR DISCRETIONARY REVIEW

CHAPMAN, Justice.

■ We issue this opinion to expand our analysis of harm in light of *Harris v. State*, 790 S.W.2d 568 (Tex.Crim.App.1989). Instead of focusing on the propriety of the outcome of the trial, the reviewing court should examine the source of the error, the nature of the error, whether or to what extent it was emphasized by the State, and its probable collateral implications. Further, the court should consider how much weight a juror probably would place upon the error. The court must also determine whether declaring the error harmless would encourage the State to repeat it with impunity. *Harris v. State*, 790 S.W.2d at 587. To determine whether the error was harmless, we must first isolate the error and its effects and then ask whether a rational trier of fact might have reached a different result if the error and its effects had not resulted. *Id.* at 588.

■ The error presented here was the trial court's failure to require the State to disclose the identity of an informant who was present during the transaction in question. The source of the error was the trial court's ruling, in that it did not require the identity of the informant to be revealed, and the State's argument in support of such. Although the State raised the fact that the informer merely introduced the parties to each other, the record shows that the State did not emphasize the court's ruling during trial.

In support of its argument that the confidential informant's testimony would not have been material to appellant's guilt or innocence, the State asserts that the informant was not the sole witness to appellant's crime of conspiracy to possess cocaine and that Officer Saucedo heard and saw appellant phone his friends and arrange the purchase. Officer Saucedo testified that he instructed informant not to participate in the transaction. Officer Gipson then testified that the informant introduced the parties, answered the phone, and quoted the price of the cocaine. Appellant, Officer Saucedo, and the informant were all present in the room during the events in question. There is no prerequisite to disclosure that the informant be the only person with the appellant in the room at the time of the conspiracy. *See Anderson v. State*, 817 S.W.2d 69 (Tex.Crim.App.1991) (not yet reported) (police officer, informant, and appellant were present during the of-

fense of delivery of methamphetamine; appellant was entitled to disclosure of the informant's identity). Appellant asserts that he did not participate in negotiating the transaction and denied any knowledge of, or intent to participate in, a conspiracy. Since the informant was also present in the motel room, he may provide testimony regarding appellant's role. The informant could have provided evidence to corroborate or dispute the officers' testimony.

Whether the State will repeat this error with impunity if the error is declared "harmless" is another consideration in our analysis. Here, the trial court held an in-camera hearing on the motion to disclose the informant's identity. The State objected to disclosure of the identity. Officer Gipson stated his concerns for the safety of the informant. Other evidence obtained during the hearing, however, shows that the informant's identity already may have been known. Although Gipson also testified that the informant had been threatened at gunpoint and believed that his life was still in danger, the State still insisted that the informant's identity remain undisclosed. In light of the explanation given by Officer Gipson at the hearing and the situation surrounding the informant, there seems to be no reason for the State to insist on nondisclosure.

Finally, we must examine whether a rational trier of fact might have reached a different result if the error and its effects had not resulted. The State argues that the jury would believe police officers over "felons," so that forcing revelation of the informant's identity would not have been necessary in determining appellant's guilt. We disagree. The error did have the *potential* collateral effect of depriving appellant of a potentially exculpatory witness, and the jury may have reached a different result had the trial court required disclosure of the informant's identity.

Our judgment relies on the determination of the error's effect, not on the existence of overwhelming evidence of appellant's guilt or the lack thereof. *Orona v. State*, 791 S.W.2d 125, 130 (Tex.Crim. App.1990). We cannot conclude beyond a reasonable doubt that the error did not contribute to the conviction or to the punishment. TEX.R.APP.P. 81(b)(2).

We reverse the judgment of the trial court and remand the cause for further proceedings consistent with this opinion.