**Larry Wayne REESE, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. C14–91–00966–CR.**

Court of Appeals of Texas, Houston (14th Dist.).

Dec. 31, 1992.

Discretionary Review Granted April 7, 1993.

Mark W. Stevens, Galveston, for appellant.

B. Warren Goodson, Galveston, for appellee.

Before JUNELL, ROBERTSON and DRAUGHN, JJ.

## OPINION

DRAUGHN, Justice.

A jury found appellant guilty of delivery of a controlled substance and assessed his punishment at seventy years imprisonment. Appellant asserts twenty-four points of error, the majority of which deal with variations on the issue of entrapment. Other points are directed at the use of a paid informant by the police, and the trial court's permitting that informant to exercise his privilege against self-incrimination at trial. We affirm.

In points of error 1, 2, 12, 16, 19, 22, 23, and 24, appellant asserts that reversible error occurred when the trial judge refused to include an instruction on entrapment in the jury charge. Appellant also claims that entrapment was established as a matter of law. He further alleges the state's use of a paid informant to induce appellant into the drug transaction violated his due process and due course of law rights under the United States and the Texas constitutions, respectively.

■ An entrapment defense is available where the criminal design originates in the mind of the government officials or their agent, and they induce the defendant to commit a crime the defendant would not otherwise commit. *Richardson v. State*, 622 S.W.2d 852, 854 (Tex.Crim.App.1981). Where the criminal intent originates in the mind of the defendant, the fact that an officer furnishes an opportunity for or aids the accused in the commission of a crime affords no defense. *Lopez v. State*, 574 S.W.2d 563, 565 (Tex.Crim.App.1978).

■ We find that the evidence adduced at trial was not sufficient to establish entrapment as a matter of law, nor did it merit an entrapment instruction in the jury charge. Neither the appellant nor the police informant who was a witness to the drug transaction testified at trial. The latter asserted his Fifth amendment privilege against self-incrimination to avoid doing so. Thus, the only evidence of the actual drug transaction was elicited from Officers Rankin and Roe. Rankin was the undercover police officer who participated in the deal, and Roe provided police "back-up" witnessing the transaction from afar. In our opinion, neither of these officers gave any testimony raising the issue of entrapment. On the contrary, Rankin stated that the appellant was not at all reluctant to sell him the cocaine. Kenneth Dal Bosco, the paid informant, actually testified at the appellant's motion for new trial. Dal Bosco stated that when appellant was first ap-

proached by Officer Rankin and Dal Bosco, the appellant said, "Don't mess with me," possibly indicating some hesitation by appellant to sell the drugs. However, the appellant, after being asked by Officer Rankin, removed a match box from his person which contained several baggies of cocaine. Absent any other evidence indicating inducement on the part of the police department, this evidence, standing alone, did not raise the issue of entrapment. Entrapment is not established by conduct merely affording a person an opportunity to commit an offense. TEX.PENAL CODE ANN. § 8.06 (Vernon 1974). *See Lee v. State*, 766 S.W.2d 375, 376 (Tex.App.—Texarkana 1989, no pet.) (evidence that an officer asked for cocaine, that defendant returned in a few minutes with cocaine, which the officer then paid for, did not raise entrapment).

When reviewing alleged error in the jury charge we must determine (1) whether error exists and (2) if so, whether the error was calculated to injure the rights of the defendant. *Arline v. State*, 721 S.W.2d 348, 351 (Tex.Crim.App.1986). In making this determination, we look at the actual degree of harm. In assessing the harm, we consider the entire jury charge, the state of the evidence, the argument of counsel, and any other relevant information revealed by the record of the trial as a whole. *Almanza v. State*, 686 S.W.2d 157, 171 (Tex.Crim.App.1984). Although defense counsel repeatedly used the word "entrapment" in questioning witnesses and during bench conferences, there simply is no evidence in the record itself that raises an issue of entrapment. Without more, there was no necessity for a jury charge on the entrapment issue. Accordingly, appellant's points of error concerning entrapment are overruled.

Points of error 3, 15, 17, 18, and 20 concern the right of Dal Bosco, the police informant, to assert his Fifth Amendment privilege against self-incrimination and thereby refuse to testify at the appellant's trial. Specifically, appellant argues that reversible error occurred when the trial court refused to require Dal Bosco to testify, because Dal Bosco was a material witness to the alleged transaction. Appellant also asserts that the trial court erred by failing to conduct a meaningful examination of Dal Bosco to determine the legitimacy of his claim of the Fifth Amendment privilege.

The record reflects that during appellant's trial, a bench conference was held, at which time the counsel for Dal Bosco informed the court that Dal Bosco refused to testify. Out of the presence of the jury, Dal Bosco claimed the Fifth Amendment privilege as his basis for refusing to testify. The trial judge refused defense counsel's request to require him to assert his Fifth Amendment privilege in open court before the jury. At the motion for new trial, Dal Bosco did in fact give some limited testimony about his observance of the drug transaction between appellant and Officer Rankin, although he continued to assert his Fifth amendment right.

It is well settled that an individual's constitutional privilege against self-incrimination overrides a defendant's constitutional right to compulsory process of witnesses. *Bridge v. State*, 726 S.W.2d 558, 567 (Tex.Crim.App.1986). Furthermore, it has been repeatedly stated that a defendant has no right to have a witness assert or invoke his Fifth Amendment privilege against self-incrimination in the presence of the jury. *Ellis v. State*, 683 S.W.2d 379 (Tex.Crim.App.1984). In the present case, both Dal Bosco's lawyer and Dal Bosco himself stated that he would claim his Fifth Amendment right against self-incrimination. It was apparent to the trial judge that calling Dal Bosco as a witness in front of the jury would be futile because he would merely assert the same privilege. Such testimony had no value and could only be prejudicial. Also, upon examining Dal Bosco's testimony in the hearing on the motion for new trial, we find no new or different evidence would have resulted from his testimony, as it was fairly reflective and cumulative of Officer Rankin's earlier statements. The record also reveals that Dal Bosco's attorney, Gerald Burks, advised him not to testify on the grounds

that it might incriminate him. This advice by his legal counsel relieves the trial court of the obligation of any further determination of whether a witness' claim of the Fifth amendment privilege is valid. *Chennault v. State,* 667 S.W.2d 299 (Tex.App.— Dallas 1984, pet. ref'd). This is especially true if the privilege is claimed in good faith. *Ross v. State,* 486 S.W.2d 327 (Tex. Crim.App.1972). There is no evidence in the record that Dal Bosco was abusing this privilege, and he was acting on the advice of counsel. Therefore, his constitutional right against self-incrimination was properly honored. Points of error numbers 3, 15, 17, 18, and 20 are accordingly overruled.

■ In point of error 21, appellant claims that the trial court erred by overruling appellant's motion for new trial on the basis that the state and the police department suppressed the identity of the informant Kenneth Dal Bosco. However, argument in appellant's brief does not deal directly with this stated point of error. Instead, appellant merely argues that he was precluded from commenting on the police department's role in suppressing the identity of Dal Bosco. Our review of the record indicates that appellant was not alone in receiving this late revelation about the use of an informant. The district attorney's office was also not made aware of this fact until approximately one day before trial. His name did not appear in the police reports. We do not find that this delayed revelation resulted in error requiring reversal in as much as Dal Bosco asserted his Fifth amendment privilege against self-incrimination, and therefore did not testify to add any evidence to the record. Also, defense counsel was allowed to question Officer Rankin extensively about Dal Bosco's role in the transaction, both at trial and at the hearing on the motion for new trial. At no time during either of these proceedings did Officer Rankin or the state attempt to deny the existence of Dal Bosco. And, as mentioned earlier, Dal Bosco did testify about his perception of the transaction at the motion for new trial. From our review of the statement of facts, we find that any testimony Dal Bosco could have offered would have merely been cumulative

of the testimony of Officer Rankin. As an appellate court, we must review the trial courts ruling and reverse the judgement unless we determine beyond a reasonable doubt that the error made no contribution to conviction or to the punishment. TEX. R.APP.P. 81(b) (Vernon Supp.1992). For the reasons stated above, we find that the error, if any, in overruling the motion for new trial on the basis of the delayed revelation of Dal Bosco's identity, was harmless.

Appellant also argues that the suppression of Dal Bosco's identity is harmful because of the holding in *U.S. v. Cervantes–Pacheco,* 800 F.2d 452 (5th Cir.1986). *Pacheco* concerned an informant who had been paid a fee for his testimony, which fee was contingent upon the quality of his testimony and on the defendant's being convicted. The Fifth Circuit held that such testimony was impermissible and unconstitutionally tainted. However, we find that case distinguishable from this one in that Dal Bosco did not testify at appellant's trial; nor was his testimony necessary, since it merely mirrored that of Officer Rankin. Furthermore, Dal Bosco was not paid on the basis of whether his testimony aided in appellant's conviction, but instead on whether it resulted in an arrest against the appellant. Finally, in *Pacheco,* the informant was inextricably associated with the prosecution of the defendant. In the present case, not only was the state unaware of Dal Bosco's existence until a day before trial, his testimony was not needed as part of the state's case, and he was therefore not called as a witness. We fail to see the violation of appellant's rights by the non-use of an informant whose testimony would be cumulative. While we do not condone such contingent payments, we find that under the circumstances of this case, it does no result in harm requiring reversal. Accordingly, we overrule point of error 21.

■ Points of error numbers 4, 8, 9, and 10 concern the issue of improper identification practices on the part of the investigating officer, as well as alleged improper bolstering of one of the state's witnesses by the prosecutor. Appellant claims that

the trial court should have suppressed the identification of appellant by Officer Rankin because such identification had been affected by Officer Rankin's presence at a previous parole revocation hearing for appellant, as well as Officer Rankin's possession of a "mug shot" of appellant. Appellant cites cases which state that single photo displays and photo bolstering are impermissibly suggestive and therefore, unconstitutional. We find these cases not on point. Officer Rankin testified that he had prior knowledge of appellant through his work as an undercover narcotics officer. Upon returning to his office after the transaction, Officer Rankin did take steps to positively identify appellant. The photograph in question was excluded from evidence upon appellant's objection, and therefore cannot be the basis for improper bolstering or suggestiveness. Although Officer Rankin did attend appellant's parole revocation hearing approximately one month before trial, we fail to see how this fact lends itself to improper identification in light of Officer Rankin's previous knowledge and in-court identification of appellant. Accordingly, points of error numbers 4, 8, 9, and 10 are overruled.

Appellant in points of error 5, 6, and 7 argues that reversible error occurred during the voir dire of the jury panel. Appellant asserts that the court's reference to the informant Dal Bosco as an "undercover officer," the tardy revelation of the existence of the informant, and the suggestion by the prosecutor that appellant was under a duty to bring forth evidence constituted reversible error. We disagree. The record reveals that the court merely made general comments about the use of an undercover officer in the context of questioning a venireperson who stated that he was "in the same profession" as Officer Rankin. Furthermore, that testimony in the statement of facts on which appellant relies reveals that the court was specifically speaking of Officer Rankin, and not the informant, Dal Bosco.

Appellant further argues that the state's comment during voir dire that "it is basically up to the attorneys to present the evidence ..." placed a burden on appellant to bring forth evidence. We do not find that such comment shifted the burden of proof to the appellant. However, even if this statement was error, it was cured by the court's instruction and charge to the jury. We have already discussed at length the issue of the late notice to defense counsel of the existence of a paid informant, and it is therefore unnecessary to repeat that analysis. The foregoing points of error are overruled.

Point of error 11 relates to the exclusion of evidence as to whether Officer Rankin had knowledge of the informant Dal Bosco's use of drugs. Appellant argues that such evidence was relevant to show that Dal Bosco may have had ulterior motives in testifying against appellant because he wanted the money he received for aiding in the indictment against appellant to support his drug habit. The trial court gave defense counsel an opportunity to respond to the prosecutor's relevancy objection. The trial court then sustained the objection.

The trial court enjoys broad discretion in the conduct of the trial and the questioning of witnesses; its rulings on these matters will not be disturbed absent an abuse of discretion. *Richardson v. State,* 753 S.W.2d 759, 770 (Tex.App.—Dallas 1988, no pet.) The test for abuse of discretion is a question of whether the trial court acted without reference to any guiding rules and principles. *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238 (Tex.1985), *cert. denied,* 476 U.S. 1159, 106 S.Ct. 2279, 90 L.Ed.2d 721 (1986). The mere fact that a trial judge may decide a matter within his or her discretionary authority in a different manner than we as appellate judges may decide it in similar circumstances does not demonstrate that an abuse of discretion has occurred. *Id.* at 241–42. In light of the fact that Dal Bosco did not testify, nor was his testimony necessary to the state's case, we, too, are hard pressed to see the trial relevancy in Dal Bosco's alleged motive for aiding in the indictment against appellant. This is especially true given Officer Rankin's testimo-

ny and identification of appellant. Point of error 11 is overruled.

■■■■ Appellant asserts in points of error numbers 13 and 14 that the trial court erred in allowing informant Dal Bosco's counsel to assert objections and participate at trial. Appellant also argues that the trial court erroneously sustained Dal Bosco's objection to questions regarding supervision of Dal Bosco by the police. Dal Bosco was subpoenaed by the appellant. Counsel for Dal Bosco was appointed by the court for the purpose of protecting Dal Bosco's rights in the event Dal Bosco asserted his Fifth amendment privilege against self-incrimination. Dal Bosco was incarcerated in the Galveston County Jail at the time of appellant's trial, paving the way for possible conflicts of interest between the state and Dal Bosco. Furthermore, the state's attorney testified that to his knowledge no immunity agreement had been made to protect Dal Bosco from prosecution based on any testimony he might give at trial. A witness is entitled to counsel if potential substantial prejudice against him exists. *United States v. Wade,* 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967). The trial court acted cautiously and prudently with regard to Dal Bosco's constitutional rights, and we find no error in allowing counsel to act on his behalf.

With respect to the court's preclusion of questions regarding police supervision of Dal Bosco, we simply reiterate that Dal Bosco was not a material witness, nor was his testimony necessary to the state's case. We therefore find that the error, if any, is harmless. Points of error numbers 13 and 14 are overruled.

Accordingly, the judgment of the trial court is affirmed.