**Sergio Diaz CASTILLO, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 08–93–00166–CR.

Court of Appeals of Texas,
El Paso.

March 30, 1995.

Rehearing Overruled June 7, 1995.

Charles Louis Roberts, El Paso, for appellant.

Jaime E. Esparza, Dist. Atty., El Paso, for appellee/state.

Before BARAJAS, C.J., and LARSEN and PAUL PRESSLER, JJ.

## OPINION

BARAJAS, Chief Justice.

This is an appeal from a conviction for the offense of illegal investment. Trial was by jury. Upon conviction, the jury sentenced Appellant to 17 years' confinement in the Institutional Division of the Texas Department of Criminal Justice. We affirm the judgment of conviction.

## I. SUMMARY OF EVIDENCE

Prior to trial, Appellant subpoenaed Carmen Rodriguez, a former police officer, for testimony at trial. At the time she was subpoenaed, Rodriguez was a defendant in a federal criminal case involving alleged drug and weapon offenses. Rodriguez's trial counsel in the federal case filed a motion to quash the subpoena. During a hearing outside the presence of the jury, Rodriguez's counsel informed the court that Rodriguez intended to invoke her Fifth Amendment right because of the criminal charges then pending against her. The trial court determined that Rodriguez would not be required to testify. Appellant requested that Rodriguez be compelled to invoke the Fifth Amendment at trial in front of the jury. The trial court denied this request and ordered the subpoena quashed. The court later re-issued the subpoena for Rodriguez, required her to appear before the court outside the presence of the jury, and allowed Appellant to make a bill of exception to the court's earlier ruling quashing the original subpoena. At this second hearing, Rodriguez's counsel again stated that he had advised Rodriguez to invoke her Fifth Amendment right because of the federal criminal charges pending against her. Rodriguez appeared at the second hearing and, after being asked her name, stated that she wished to invoke her Fifth Amendment right based upon the advice of her attorney. Counsel for Appellant asked no further questions of Rodriguez.

## II. *DISCUSSION*

Appellant raises four points of error, each asserting under a different theory that by quashing the subpoena, the trial court denied Appellant's right to compulsory process of a material witness. Generally, a defendant's right to compulsory process is denied when the state arbitrarily denies a defendant the right to put on the stand a witness whose testimony would have been relevant and material to his defense. *Ex Parte Scarbrough*, 604 S.W.2d 170, 174 (Tex. Crim.App.1980): *Hardin v. State*, 471 S.W.2d 60, 62 (Tex.Crim.App.1971).[1] In the instant case it is clear from the record, however, that Rodriguez intended to invoke her Fifth Amendment right. It is well settled that an individual's constitutional privilege against self incrimination overrides a defendant's constitutional right to compulsory process of witnesses. *Bridge v. State*, 726 S.W.2d 558, 567 (Tex.Crim.App.1986).

### A. Fifth Amendment Issues

Appellant's first two points of error allege that the trial court improperly allowed Rodriguez to invoke her Fifth Amendment right. Appellant alleges in his first ground that the trial court erred in quashing the subpoena based on Rodriguez's attorney's representation that Rodriguez would take the Fifth Amendment, rather than requiring Rodriguez to invoke her rights herself. At the first hearing, Rodriguez's attorney informed the court of Rodriguez's intent to invoke her Fifth Amendment right as follows:

> The Court: All right. [Counsel], the Court does have the motion and has listened to argument of counsel. You are claiming for your client and invoking the Fifth Amendment. Is that correct, sir?
> [Counsel]: Your Honor, I can't invoke the Fifth Amendment for my client, but I've notified the Court that she will invoke her

Fifth Amendment privileges, because she has pending criminal charges.

> Court: No, it's her decision but you can still claim it in court for her.
> [Counsel]: Yes, Sir.
> Court: It's her decision, and that's what her decision is?
> [Counsel]: Yes, Sir.

When the court is informed by a party's attorney that the party intends to invoke the Fifth Amendment privilege at the attorney's advice, the trial court need not make further inquiry of the party before ruling that the party will not be required to testify. *See Rajski v. State*, 715 S.W.2d 832, 837 (Tex.App.—Houston [14th Dist.] 1986, no pet.); *Reese v. State*, 846 S.W.2d 437, 441 (Tex. App.—Houston [14th Dist.] 1992, pet. filed). Furthermore, at the additional hearing on bill of review, Rodriguez herself took the stand and invoked her Fifth Amendment privilege. In determining whether to quash a subpoena, the trial court must determine if the request to subpoena the witness would be futile. *Hardin v. State*, 471 S.W.2d 60, 62 (Tex.Crim.App.1971). It was apparent to the trial court that Rodriguez would invoke her privilege at trial and that to subpoena her would result only in her assertion of the privilege. A defendant does not have the right to have a witness invoke the Fifth Amendment privilege in the presence of the jury. *Ellis v. State*, 683 S.W.2d 379, 383 (Tex.Crim.App.1984). Such testimony had no value and would only be prejudicial. *Reese v. State*, 846 S.W.2d at 440. Appellant's Point of Error No. One is overruled.

Appellant's second ground of error alleges that the trial court erred in quashing the subpoena without first determining whether Rodriguez had a valid reason to invoke her Fifth Amendment privilege. It is clear from the record that the trial court had been informed that Rodriguez intended to

---

1. Appellant urges this Court to apply the standard articulated in *Anderson v. State*, 817 S.W.2d 69 (Tex.Crim.App.1991) and *Mendoza v. State*, 830 S.W.2d 181 (Tex.App.—Dallas 1992, no pet.) to the trial court's decision to quash the subpoena issued for Rodriguez in this case. Under that standard, a defendant is not required to show that an unidentified informant's testimony would be necessary to his defense, rather, if an uniden-

tified informant can give evidence necessary to a fair determination of the general issue of guilt *or* innocence the state may be required to reveal the identity of the informant. *Anderson v. State*, 817 S.W.2d at 72. In this case, however, Rodriguez was not an unidentified informant. We find no authority, and Appellant cites none, to support the application of the standards stated in *Anderson* and *Mendoza* to this case.

invoke the privilege and that she intended to do so at the advice of her attorney. The advice to Rodriguez by her legal counsel relieved the trial court of the obligation to make any further determination of whether Rodriguez's assertion of the privilege was valid. *Chennault v. State*, 667 S.W.2d 299 (Tex.App.—Dallas 1984, pet. ref'd). This is particularly true if the privilege is claimed in good faith. *Ross v. State*, 486 S.W.2d 327 (Tex.Crim.App.1972). The record is wholly devoid of any evidence that Rodriguez claimed her privilege in bad faith. The trial court therefore correctly honored Rodriguez's privilege after learning that she would invoke the Fifth Amendment upon his advice. Appellant's Point of Error No. Two is overruled.

### B. Compulsory Process Issues

In Points of Error Nos. Three and Four, Appellant alleges that the trial court erred in quashing the subpoena, thus resulting in a denial of Appellant's right to compulsory process to obtain witnesses under the United States and Texas Constitutions, respectively. We disagree for two reasons. First, as noted above, Rodriguez's properly taken Fifth Amendment right overrides Appellant's right to compulsory process; and, second, Appellant failed to demonstrate that Rodriguez's testimony was material and necessary to his defense. The issuance of a subpoena is mandatory only where there is a satisfactory showing that the presence of the witness is necessary to an adequate defense. *Washington v. Texas*, 388 U.S. 14, 87 S.Ct. 1920, 18 L.Ed.2d 1019 (1967).

It is the burden of the defendant to show that the testimony for which defendant seeks compulsory process is material and necessary to his defense. *Hardin v. State*, 471 S.W.2d at 62. Appellant alleged that Rodriguez was a "prime player" in the criminal investigation of Appellant, but failed to show what Rodriguez's testimony would actually be. When the State asserted that Rodriguez neither participated in, nor had any evidence or testimony relevant to, any transaction between the undercover officer and Appellant, counsel for Appellant merely replied: "[t]hat's what we don't know." In *Hardin*, defense counsel took the stand and testified that although he believed that missing witnesses would support the defendant's alibi, he did not know what the witnesses would say. Counsel's mere belief that a witness would support the defendant's alibi is insufficient to establish the witness's materiality to the defense. *Hardin v. State*, 471 S.W.2d at 62, 63. Similarly, in *Varela v. State*, 561 S.W.2d 186 (Tex.Crim.App.1978), the Court held that the defendant's testimony that a missing witness might say something to the defendant's benefit was not sufficient to show that the witness was material to the defense. *Varela v. State*, 561 S.W.2d at 191. In this case, there is nothing in the record to show that Rodriguez's testimony would have been material to Appellant's defense. Appellant's assertion that Rodriguez was involved in the investigation does not show that whatever testimony she would have given about the investigation would have been material to Appellant's defense as required by *Hardin* and *Varela*. Accordingly, Appellant's Points of Error Nos. Three and Four are overruled.

Having overruled each of Appellant's points of error, we affirm the judgment of the trial court.