Affirmed and Memorandum Opinion filed May 17, 2005









Affirmed and Memorandum Opinion
filed May 17, 2005.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-03-01157-CR

____________

 

ERNEST EARL NASH, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

______________________________________________________

 

On Appeal from the 263rd District Court

Harris County, Texas

Trial Court Cause No. 904,038

______________________________________________________

 

M E M O R A N D U M   O P I N I O N

Appellant, Ernest Earl Nash,
challenges his conviction for possession of cocaine.  On appeal, appellant asserts the trial court
erred by (1) requiring him to testify after he asserted his Fifth Amendment
right not to incriminate himself, and (2) excusing a witness who asserted her
Fifth Amendment right not to incriminate herself.  We affirm.








I.  Factual and Procedural Background

On
February 28, 2002, Houston police Sergeant J.R. Chase and Officer Steven
Murdock responded to a call at a Motel 6 in northwest Houston.  After they completed the call, Sergeant Chase
saw un unoccupied car with its motor running. 
There was a female crouched down in the passenger seat.  The driver of the car, Yvonne Goodnight, was
in the motel office paying for a room. 
Sergeant Chase went to the motel office and asked Goodnight to step
outside and speak with him.  He asked
Goodnight if she and her companion were prostitutes, and she said, Ayes.@  Sergeant Chase obtained Goodnight=s written
consent to search her room.

Goodnight unlocked the door to
the motel room for Sergeant Chase and Officer Murdock.  Appellant was lying on the bed naked.  The officers told appellant to stand up and
put on some pants.  Appellant stood up,
kicked the pair of pants at his feet into a pile of clothes, and put on another
pair of pants from beneath the pile.  The
officers found cocaine in the pair of pants appellant kicked into the pile.

Appellant was charged by
indictment with possession of cocaine. 
Appellant pleaded Anot
guilty,@ and the
jury found appellant guilty as charged in the indictment.  The trial court assessed punishment at four
years in the Texas Department of Criminal Justice, Institutional Division.

II.  Issues and
Analysis

Did
the trial court err by requiring appellant to testify after he asserted his
Fifth Amendment right not to incriminate himself?

 

In his first issue, appellant
asserts the trial court erred by requiring him to testify after he asserted his
Fifth Amendment right not to incriminate himself.  Appellant argues that the trial court
should not have ordered him to testify on cross-examination about his prior
state-jail felony convictions for possession of cocaine.








On direct examination, appellant=s trial
counsel asked appellant if he had been convicted of a felony.  Appellant stated that he had, but when asked
for what, he said that he was not convicted, but pled Ano
contest,@ and
served 27 days in jail.  On
cross-examination, the State asked appellant about his criminal record, and
appellant said, AI take
the Fifth.  I don=t talk
about my criminal record.@  The trial court ordered appellant to answer
the question.  Appellant denied having
been convicted of a felony because, he reasoned, he pled Ano
contest.@  The State then offered certified copies of
judgments for three prior state-jail felony convictions for possession of
cocaine.  Appellant=s trial
counsel affirmatively stated that he had no objection to the admission of that
evidence.  Appellant then testified that
he pled Ano
contest@ to those
charges and served 27 days in jail.

Appellant did not object when the
trial court required him to testify about his prior felony convictions on
cross-examination.  Presuming without
deciding that appellant preserved this issue for appellate review, we conclude
that appellant waived his Fifth Amendment privilege with respect to his prior
convictions.  Because appellant
voluntarily took the stand and testified on direct examination about his prior
felony convictions, he was precluded from asserting his Fifth Amendment privilege
to avoid answering questions about those convictions during
cross-examination.  See Hernandez v.
State, 506 S.W.2d 884, 886 (Tex. Crim. App. 1974).  Accordingly, we overrule appellant=s first
issue.

Did
the trial court err by excusing a witness who invoked her Fifth Amendment right
not to incriminate herself without inquiring into the basis for her assertion
of that right?

 

In his second issue, appellant
asserts the trial court erred by excusing Goodnight from testifying when she
invoked her Fifth Amendment right not to incriminate herself without first
determining whether any testimony she might have given would have incriminated
her.  Appellant complains this procedure
denied him his Sixth Amendment right to the compulsory process of a witness and
his due process right to a fair trial. 
Appellant argues that the trial court should have inquired into the
basis for Goodnight=s
assertion of her Fifth Amendment privilege, asked whether there were any
charges pending against her, and, if so, whether those cases were final.








Appellant=s trial
counsel attempted to call Goodnight as a defense witness.  Her lawyer informed the trial court on the
record that Goodnight wanted to assert her Fifth Amendment privilege and not
testify.  Goodnight was called to the
witness stand outside the presence of the jury. 
The trial court asked Goodnight if she intended to assert her Fifth
Amendment privilege and if she would refuse to answer any questions by either
the defense or the State in this case. 
Goodnight answered affirmatively to both questions.  At that point, the jury was brought into the
courtroom, and appellant took the stand to testify.

The record reveals that appellant
did not object to the trial court=s failure
to inquire into the basis of Goodnight=s
assertion of her Fifth Amendment privilege to determine whether she would be
incriminated.  Presuming without deciding
that appellant preserved this issue for appellate review, we conclude that the
trial court was not required to inquire into the basis of Goodnight=s
assertion of her Fifth Amendment privilege. 
When a witness=s refusal
to testify on the grounds that to do so might incriminate her is based on the
advice of the witness=s attorney,
the trial court is not required to make any further determination.  Ross v. State, 486 S.W.2d 327, 328
(Tex. Crim. App. 1972).  Although
Goodnight did not expressly state that she was acting on the advice of her
attorney, we conclude that she asserted her Fifth Amendment privilege based on
his advice because he was present and participated in the proceedings.  Accordingly, we overrule appellant=s second
issue. 

Having overruled both of
appellant=s issues on appeal, we affirm the
trial court=s judgment.

 

/s/        Kem Thompson Frost

Justice

 

Judgment rendered and Memorandum Opinion filed May 17, 2005.

Panel consists of Justices Anderson, Hudson, and Frost.

Do Not Publish C Tex. R. App. P. 47.2(b).