**Sheila Ann FARMER, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 45616.**

Court of Criminal Appeals of Texas.

Jan. 31, 1973.

Rehearing Denied March 21, 1973.

James B. Turner, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and James L. Muldrow, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This appeal is taken from a forgery conviction wherein the punishment was assessed at three years.

■ Initially, appellant contends there "is doubt as to her identification in her mind." Reference is had to the in-court identification by Catherine Venglar, a Sears-Roebuck employee, who witnessed the appellant sign the sales slip in question. This would not appear to be an adequate ground of error under the requirements of Article 40.09, § 9, Vernon's Ann.C.C.P. Nevertheless, we shall treat the same as a challenge to the sufficiency of the evidence to sustain the conviction.

■ Arnold C. Foster identified the account number on the alleged forged sales slip as that of his Sears-Roebuck account. He testified the name signed to the slip was that of his daughter, Janet G. Foster, but that the signature was not hers. He related that he had given his daughter permission to use the credit card but not the appellant or anyone else.

Janet G. Foster testified she lost her wallet containing the credit card in question, as well as several others, on the night of December 7, 1970, in a shopping center. She related she did not know the appellant and did not give her permission to use the card. She also related the signature in question was not her signature.

Catherine Venglar testified she was employed as a sales person in the women's sportswear department in the Sears-Roebuck store located on South Main in the City of Houston, and that on the night of December 8, 1970, the appellant and two other women entered her department and the appellant purchased a blouse and a pair of slacks and produced the Arnold Foster credit card and signed the name of Janet Foster to the sales slip.

Testifying in her own behalf, the appellant denied the forgery, denied ever having been in the store in question, and claimed that, at the time of the alleged offense, she was working as a topless dancer at a nightclub.

Her mother and another witness testified that her physical appearance was somewhat different at the time of the alleged offense and the time of the trial.

Ralph Queen, Superintendent of the Houston Police Department's Identification Division, was called as a witness by the appellant. He testified that the signature on the forged instrument and a sample of appellant's known handwriting bore similarities but, without his equipment, he could not express an opinion that the writings were executed by the same person.

In rebuttal, the State called Albert Smith, another employee of the Sears-Roebuck store, who identified the appellant as being in his department on December 8, 1970, and using the Foster credit card to purchase sone clothing from him.

Viewing the evidence in the light most favorable to the court's judgment, we find it sufficient to sustain the conviction.

■ Next, appellant complains because the court, during trial, refused to delay the progress of the trial and to order "a full and complete examination and analysis of her handwriting and that of the person who signed the writing in question. . . ." The motion was made after Superintendent Queen testified he could not express an opinion without further study and use of his laboratory equipment, and that it would take him approximately one week to make high contrast negatives, etc., and do other work to be able to reach a positive opinion.

The record reflects the indictment was returned on February 19, 1971 and trial did not commence until May 26, 1971, at which time appellant announced "ready." There is no question of indigency. The appellant was on bond and represented by retained counsel who admitted he had been in that capacity for many months.

The court did not abuse its discretion in overruling the motion.

■ Appellant also contends the court erred in failing and refusing to order the witness Gehle Campbell to answer questions propounded to her on direct examination by defense counsel. After giving her name and address, the witness repeatedly claimed the Fifth Amendment privilege against self-incrimination.

Before the witness took the stand, her attorney advised appellant's counsel the witness would claim the Fifth Amendment. Appellant's counsel then advised the court: "But there's other matters that I expect to inquire into that would not in anyway be incriminating as to this witness and I expect to only go into those matters."

"In the first instance the witness is the judge as to whether his answer to a question will incriminate him. But he is not the exclusive judge of the matter. . . . The soundness of his contention must be determined by the court before which the refusal is made, from a consideration of all the facts and attending circumstances; and inquiry may always be conducted, in a legitimate and proper way, as to whether his refusal is made in good faith." 61 Tex.Jur.2d Witnesses § 32, pp. 565, 566.

It appears from an examination of the character of the questions and other facts in the case that there was a substantial probability that the answers would have been incriminating. Appellant's counsel was apparently attempting to get the witness to admit that she had committed the offense in question while accompanied by another woman, Debbie Harper, who had the same physical appearance as the appellant.

The court did not err in refusing to order the witness to answer the questions involved.

■ Appellant's fourth ground of error is mulifarious and does not comply with Article 40.09, supra. As to appellant's claim that the court erred in failing to grant a new trial because a handwriting expert, Manton Marsh, testified at the hearing on motion for new trial that the signature on the forged instrument could not have been written by the appellant, we note that this could not be newly discovered evidence because there was a lack of due diligence.

■ Appellant's retained trial counsel also represents her on appeal. In the last ground of error, the claim is advanced that the appellant was "inadequately and improperly represented by counsel . . . ." and denied a fair trial, that "said attorney was over-confident," and "took a casual attitude towards the presentation of cause," and "suggested to defendant that the same be tried before the court, which was done."

No other argument or authorities are urged.

We find no misconduct of non-appointed counsel which amounts to a breach of counsel's legal duty to faithfully represent an accused's interests. See Steel v. State, 453 S.W.2d 486 (Tex.Cr.App.1970).

The contention is without merit.

The judgment is affirmed.