Johnson-GW v. State 






AFFIRMED
APRIL 26, 1990

NO. 10-89-078-CR
Trial Court
# 25989
IN THE
COURT OF APPEALS
FOR THE
TENTH DISTRICT OF TEXAS
AT WACO

* * * * * * * * * * * * *

GARY WAYNE JOHNSON,
   Appellant
v.

THE STATE OF TEXAS,
   Appellee

* * * * * * * * * * * * *

 From 18th Judicial District Court
Johnson County, Texas

* * * * * * * * * * * * *

O P I N I O N

* * * * * * *
In this case the Appellant Gary Wayne Johnson was indicted for
unauthorized use of a Motor-Propelled Vehicle, plus two enhancement
counts alleging that he had been twice before convicted and
incarcerated for felony offenses, to-wit, theft in 1981 and robbery
in 1974. Appellant pleaded not guilty to the primary charge and
not true to both enhancement paragraphs. Trial was had to a jury,
which found him guilty of the primary charge and found true to both
enhancement paragraphs, which jury assessed his punishment at life
imprisonment. Appellant was duly sentenced in accordance with the
verdict, from which he appeals upon six points of error.
We have carefully considered all of Appellant's points and
contentions and overrule all of same and thereby affirm the trial
court's judgment.
Appellant's first point asserts the trial court erred in
allowing the trial to continue without Appellant being present, and
that there was no evidence of a voluntary absence by Appellant to
comport with Article 33.03 of the Texas Code of Criminal Procedure. 
Article 33.03 in its pertinent parts provides:
"In all prosecutions for felonies, the defendant
must be personally present at the trial, . . .; provided,
however, that in all cases, when the defendant
voluntarily absents himself after pleading to the
indictment or information, or after the jury has been
selected when trial is before a jury, the trial may
proceed to its conclusion. When the record in the
appellate court shows that the defendant was present at
the commencement, or any portion of the trial, it shall
be presumed in the absence of all evidence in the record
to the contrary that he was present during the whole
trial . . . ."
On January 14, 1988, Appellant was present in court with his
then hired attorney, Honorable Tom Whitworth (who was also his bail
bondsman) on which occasion Appellant was arraigned and entered a
plea of not guilty. After this hearing, Appellant was granted a
continuance. Then on January 27, 1989, Appellant was again present
in court with Honorable Curtis Pritchard as his attorney, during a
pre-trial hearing. Thereafter, his case came to trial on the
merits on February 13, 1989, at which time Appellant was present
with his attorneys, Messrs. Pritchard and Neill, all during the
voir dire examination of the jury panel. The jury was selected,
impaneled, and sworn, during all of which procedures Appellant was
present, and then Appellant entered a plea of not guilty before the
jury.
Then at 9:00 A.M. the next morning, to-wit, on February 14,
1989, when the testimony was scheduled to begin, Appellant was for
the first time absent. Appellant's attorneys told the court that
Appellant knew he was to be present in court at that time;
whereupon the trial court caused the bailiff to call Appellant's
name three times outside the courtroom, but received no response. 
Appellant's counsel requested a 45-minute delay, after which they
(Messrs. Pritchard and Neill) reported to the court that they had
been unsuccessful in contacting Appellant. No calls had been made
to the District Attorney's office to explain Appellant's absence. 
The trial court delayed the case until 10:15 A.M., at which time
Appellant was still not present. Appellant's bondsman was
contacted and he reported he had not heard from Appellant. At
10:25 A.M. the court stated it had waited an hour and twenty-five
minutes, then expressly made a finding that Appellant had
voluntarily absented himself, and proceeded with the trial in
Appellant's absence.
We find that the evidence before the trial court at the time
of its ruling was sufficient to support the finding that Appellant
had voluntarily absented himself from his trial down through the
punishment verdict.
Trial was had before the jury on both the guilt-or-innocence
phase as well as the punishment phase, all in Appellant's absence. 
The jury found him guilty and assessed his punishment at life in
the Texas Department of Corrections.
On March 27, 1989, Appellant finally appeared in court and was
sentenced. At no time does the record show that Appellant put on
any evidence to show an involuntary absence.
The issue is whether the trial court abused its discretion in
finding Appellant voluntarily absent and proceeding through the
trial with Appellant being absent. An appellate court will not
disturb the trial court's finding that an Appellant voluntarily
absented himself from trial when the Appellant fails to put on any
evidence to refute that determination. Stokes v. State (Houston
14th CA 1985) 701 S.W.2d 54, no petition. Moreover, a reviewing
court may consider evidence which developed subsequent to the
ruling. Moore v. State (Tex.Cr.App. 1974) (en banc) 670 S.W.2d
259. Under the record before us, the Appellant waived his right to
be personally present at the trial. Gonzales v. State (Tex.Cr.App.
1974) 515 S.W.2d 920. Appellant's first point is overruled. 
Appellant's second point of error asserts the trial court
erred in failing and refusing to order witness Clarence Johnson to
answer certain questions propounded to him on direct examination by
Appellant's counsel.
Witness Johnson was at that time an inmate in the Texas
Department of Corrections. He was represented in court by his
attorney who had previously represented him in other criminal
matters. Johnson's attorney advised the trial court that witness
Johnson would refuse to testify by virtue of the 5th Amendment of
the United States Constitution, in that anything he might say could
incriminate him on other criminal charges. State's counsel then
advised the court that witness Johnson had no pending criminal
cases against him but that "any connection between him and Gary
Johnson would provide me with sufficient evidence to file an
organized criminal activities case."
The trial court sent the jury out of the courtroom and
permitted Appellant's counsel to ask questions of witness Johnson
before the court, inquiring as to his residence address, whether he
knew Appellant; whether he knew Deano Beasley (an alleged State
informant); whether he was present at any conversations between
Deano Beasley and Appellant on the day in question, together with
several other questions regarding Appellant's conversations with
Beasley; any incentives offered to Appellant by Beasley to induce
him into engaging in criminal activity; any encouragement to
Appellant by Beasley to induce him into engaging in criminal
activity; and the specific circumstances and the substance of the
conversation between Beasley and Appellant on the dates in
question.
As to each question, witness Johnson's attorney objected and
invoked his 5th Amendment rights, whereupon the trial court ruled
that witness Johnson's invocation of his 5th Amendment rights was
proper.
Appellant contends that the proposed testimony from Johnson
was imperative to Appellant's defense of entrapment. Be that as it
may, the problem before us is to determine whether the trial court
was correct in sustaining Johnson's invocation of the 5th
Amendment.
Appellant was charged with unauthorized use of a motor vehicle
growing out of a sting operation in Johnson County. Appellant was
known to have committed numerous offenses during the course of the
sting and had several cases similar to the case at bar pending on
the court's docket. Any link to the State's informant or Appellant
could have resulted in a charge (one or more) being filed against
witness Johnson; that is to say, all questions propounded to
witness Johnson might well have required answers relating to
violations of various sections of the Penal Code.
We believe the trial court was correct in failing and refusing
to compel witness Johnson to answer those questions after Johnson
invoked his 5th Amendment privilege. See Hoffman v. United States
(1951) 341 U.S. 479, 71 S.Ct. 814, 95 L.Ed. 1116; Farmer v. State
(Tex.Cr.App. 1973) 491 S.W.2d 133. We overrule Appellant's second
point.
Appellant's third point of error complains the trial court
erred in submitting instructions to the jury in the court's charge
regarding the law of parties as well as primary offenders for the
stated reason that there was no evidence adduced to support both
instructions.
As stated, Appellant's arrest for the offense for which he was
charged, arose out of a sting operation in Johnson County. The law
enforcement officers set up a sham place of business out in a
secluded rural area called "B.J.'s Trash and Treasure", for the
purpose of buying stolen property, primarily stolen automobiles.
Officer Bob Alford testified that Appellant was at the situs
of the operation "to deliver a stolen motor vehicle." A video tape
offered in evidence by the State showed Appellant negotiating the
price of the stolen automobile with an undercover officer, which
was the subject matter of the case at bar. The tape showed
Appellant asking, "How much you gonna give me for that one?" 
Appellant then proceeds to haggle over the price and complains that
he has received better prices for other cars he has brought in. 
Officer Alford testified that Appellant drove the stolen car into
the shop, and delivered to him (Alford) the vehicle.
Since evidence of Appellant's conduct acting alone was
sufficient to sustain his conviction, no charge on parties was
required; however, any error in instructing the jury on the law of
parties was harmless. Stein v. State (Tex.Cr.App. 1974) 514 S.W.2d
927; Todd v. State (Tex.Cr.App. 1980) 601 S.W.2d 718. Appellant's
third point of error is overruled.
Appellant's fourth point of error contends the trial court
erred in overruling Appellant's motion for instructed verdict on
the ground that there was no evidence to establish that the
automobile involved in the crime for which Appellant was convicted
was a "motor-propelled vehicle."
Diane Ketchum, the owner of the automobile in question,
described the vehicle in question as a "car", a "Celebrity 1985",
and an "automobile". The indictment referred to the car in
question as a "motor-propelled vehicle."
On appeal, the reviewing court must consider the evidence in
the light most favorable to the verdict. Griffin v. State
(Tex.Cr.App. 1981) 614 S.W.2d 155, 159; Girard v. State
(Tex.Cr.App. 1982) 631 S.W.2d 162, 163. Reasonable minds could
conclude that Diane Ketchum's car, that she drove to work, was in
fact a motor-propelled vehicle. Jurors are entitled to make
reasonable inferences from the evidence. Indeed, it is common
knowledge that the term "automobile" carries with it the
connotation or idea of a self-propelled or motor-propelled vehicle. 
Appellant's fourth point of error is overruled.
Appellant's fifth point of error asserts the trial court erred
in admitting into evidence a video tape of the transaction in
question because the exhibit contained evidence of extraneous
offenses of which Appellant was not charged in Johnson County.
State's Exhibit No. 2 was a video tape containing depictions
of Appellant committing various extraneous offenses; in other
words, the video tape showed Appellant connected with stolen
property other than Ms. Ketchum's automobile which was the subject
matter of the case at bar.
Our Court of Criminal Appeals has held that in determining the
admissibility of extraneous offenses, evidence of context of the
charged offense is almost always admissible under reasoning that
events do not occur in a vacuum and that the jury has the right to
have the offense placed in its proper setting so that all evidence
may be realistically evaluated; rarely will prejudicial value
render inadmissible any evidence that is context of the offense. 
Mann v. State (Tex.Cr.App. 1986) 718 S.W.2d 741, 744. 
Additionally, evidence of extraneous offenses has been held
admissible to show res gestae, identity, scienter, state of mind,
motive of the accused, rebuttal to a defensive theory, and for
other purposes. The test for determining the admissibility of any
type of evidence is whether the probative value of such evidence
outweighs its inflammatory aspects. See Rule 403, Texas Rules of
Criminal Evidence; Albrecht v. State (Tex.Cr.App. 1972) 486 S.W.2d
97, 99.
In the case at bar, the jury was entitled to see how the
Appellant was selling cars to the undercover officers. The sale of
the vehicle in question was intertwined with Appellant's
unauthorized use. Moreover, the extraneous offenses were
admissible to prove Appellant's intent and knowledge as well as the
context or res gestae of the offense in question. Appellant's
fifth point of error is overruled.
By Appellant's sixth and final point of error he asserts that
there was insufficient evidence to show that Appellant was the same
person that was convicted of the two prior felony offenses alleged
in the indictment.
As stated, the indictment alleged two prior felony enhancement
counts, the first being for theft in 1981, and the second being for
robbery in 1974.
Appellant argues that no direct link between Appellant and the
pen packets was present as none of the witnesses who testified were
booking officers who actually took Appellant's fingerprints. We do
not agree with this line of reasoning.
One of the several different means by which it may be proved
that a defendant is the person previously convicted, is by
introduction of certified copies of the judgment and sentence and
record of the T.D.C. or a county jail including fingerprints of the
accused, supported by expert testimony identifying them with known
prints of the defendant. See Daniel v. State (Tex.Cr.App. 1979)
585 S.W.2d 688 and the cases cited therein on page 690.
Without detailing the evidence, suffice it to say that this
was the method by which Appellant was identified as the same person
who was convicted of the two previous alleged felonies. The proof
is ample to this effect. Appellant's sixth and final point of
error is overruled.
Judgment of the trial court is affirmed.
AFFIRMED
 
                               JOHN A. JAMES, JR.
DO NOT PUBLISHJustice (Retired)

[Participating: Chief Justice Thomas, Justices Hall and Means and
Justice James (Retired)]