**Marcus Dwayne WILLIAMS, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 01–90–01148–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

July 2, 1992.
Rehearing Denied July 30, 1992.

**702**

Anthony P. Griffin, Galveston, Bobbi Blackwell, Houston, for appellant.

Michael J. Guarino, Denise V. Wilkerson, Galveston, for appellee.

Before OLIVER–PARROTT, C.J., MIRABAL, J., and FRANK C. PRICE,[1] J. (Retired, Sitting by Assignment).

1. Honorable Frank C. Price, former justice, Court of Appeals, First District of Texas at Houston, sitting by assignment.

OPINION

FRANK C. PRICE, Assigned Justice.

Appellant was indicted for attempted capital murder. At trial, a jury convicted him of the lesser offense of aggravated assault on a peace officer, made an affirmative finding he used a deadly weapon, and thereafter assessed punishment at three-years confinement.

Donald Head is a city of La Marque police officer. On May 3, 1989, at approximately 1:00 a.m., he was in uniform patrolling in a marked police car. As he passed the Scott and Sons Apartment Complex, he observed three black males together in the parking lot. One was appellant, who was sitting on a bicycle dressed in dark short pants, light shirt, and a light-colored ball cap.

Because he had information about an individual dressed similar to appellant, Head turned around and drove back to the parking lot. As he approached the parking lot, Head observed appellant hand one of the men what appeared to be money. The man then handed appellant a small package, which he placed under his ball cap. Head then drove into the parking lot, got out of his vehicle, and motioned for appellant to come to him. Immediately, the three men fled the scene. The other two men went toward the apartments, while appellant rode off in the opposite direction.

Head returned to his patrol vehicle, turned on his overhead emergency lights, and began pursuing appellant. After a chase that took Head down several streets and through a parking lot, appellant stopped, got off his bicycle, and began running. Head slammed on his brakes and slid into the bicycle laying in the street. He left his vehicle and began chasing appellant. Head caught appellant, grabbed him from behind, and the two wrestled. During this struggle, appellant grabbed Head's gun and used it to hit Head in the

ribs. Head reached for the gun, attempted to discharge the clip, but was unsuccessful. Appellant twice attempted to shoot Head; however, the gun failed to discharge because the safety was on. As appellant and Head continued to fight, two other officers arrived at the scene. Appellant was subsequently subdued, handcuffed, and searched. Appellant had approximately $160 in cash and a beeper in his possession. No drugs were found.

Appellant contradicted Head's testimony. Appellant testified he was talking to two friends when Head approached. Head got out of his vehicle and said "come here." Appellant turned around and Head said "come here" again. Head did not direct his order to a specific person. Because of his impression of what police in La Marque do to blacks, appellant got on his bicycle and rode off. Appellant's description of the chase was substantially similar to Head's. However, appellant stated he did not stop and get off his bicycle. He testified that Head struck the bicycle with his vehicle causing appellant to fall to the street. Appellant stated he was dazed and fell. Head then grabbed him, and appellant attempted to throw Head off so he could get away. During this struggle, appellant's forearm hit the barrel of Head's holstered gun, and Head said, "Get your hands off there." Appellant then broke free and began to run. Head pulled his gun and said he would shoot if appellant ran. Appellant responded, "You couldn't shoot me," and began to run again. Head cocked the gun, and appellant turned around to give himself up. Head ran towards him and took a swing at him with his gun causing appellant to duck and then fall. Head put appellant in a head lock and handcuffed him as other officers arrived. Appellant stated he was hit and kicked by the officers until he was placed into the back of a patrol car.

Appellant testified he did not throw any punches, he only tried to get the officer off of him so he could go home. Appellant stated he did not take the officer's gun, and did not hit the officer with the gun or try to shoot the officer with the gun.

In his eighth point of error, appellant contends the evidence is insufficient to support the jury's verdict of guilty for aggravated assault as set out in the court's charge.

This complaint focuses on the application paragraph of the court's charge, which states:

> Now, *if you find from the evidence beyond a reasonable doubt* that on or about the 3rd day of May, 1989, in Galveston County, Texas, the defendant, MARCUS DWAYNE WILLIAMS, did cause bodily injury to Donald Head by intentionally or knowingly jabbing him with a handgun and caused the said Donald Head bodily injury *while the said MARCUS DWAYNE WILLIAMS knew the said Donald Head was in the lawful discharge of an official duty as a peace officer to-wit: investigating a possible drug transaction, then you will find the defendant guilty of the lesser offense of Aggravated Assault.*

(Emphasis added.)

Appellant maintains this instruction requires that before a conviction can be returned, the State must prove that, at the time of the alleged assault, he knew Head was investigating a possible drug transaction. It is this instruction for which appellant argues the evidence is insufficient.

■ A person commits the offense of aggravated assault on a peace officer when he intentionally or knowingly causes bodily injury to a person who he knows is a peace officer, while the officer is lawfully discharging an official duty. TEX.PENAL CODE ANN. § 22.02(a)(2)(A) (Vernon Supp.1992). The law does not require the State to prove that the person committing the offense knew at the time of the assault that the peace officer was lawfully discharging his duty. *Montoya v. State,* 744 S.W.2d 15, 30 (Tex.Crim.App.1987). It only requires proof that he knew the victim was a peace officer.

■ In the present case, however, the State permitted the trial court to submit a charge that required the jury to convict only if they believed appellant knew that at

the time of the assault, Head was investigating drug activity. Once a phrase is incorporated into the court's instructions to the jury in a manner that requires the jury to find it true before a verdict of guilty is authorized, it must be proved or the verdict will be deemed "contrary to the law and the evidence." *Arceneaux v. State,* 803 S.W.2d 267, 270–71 (Tex.Crim.App.1990); *Ortega v. State,* 668 S.W.2d 701, 704–705 n. 10 (Tex.Crim.App.1983). In other words, the appellate court must look to the charge to determine whether the part of the charge at issue is one that "authorizes a conviction." If it does, then that portion is not considered surplusage, but becomes a substantive fact that must be proved before a conviction can be sustained. *Arceneaux,* 803 S.W.2d at 271. If the prosecutor believes that portions of the charge unnecessarily increase his burden of proof, he should request a charge that correctly allocates the burden placed on him by law. *Id.* at 270.

■ Because the State did not request a modification to the charge, it was held to the higher burden of proving that at the time of the assault, appellant *knew* Head was investigating *narcotics* activity. Since no drugs were found at the scene or on appellant, and the record is devoid of any evidence that proves or even suggests that appellant *knew* what Head was doing or thinking when Head initially approached him and his two friends, or when he subsequently chased and arrested him, the State failed to meet its burden of proof. Thus, viewing the evidence in the light most favorable to the verdict, we find that no rational trier of fact could have found all of the essential elements to the offenses beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *Blankenship v. State,* 780 S.W.2d 198, 206–207 (Tex. Crim.App.1989) (op. on reh'g).

The judgment of the trial court is reversed, and a judgment of acquittal is ordered. *Burks v. United States,* 437 U.S. 1,

18, 98 S.Ct. 2141, 2150, 57 L.Ed.2d 1 (1978); *Ex parte Reynolds,* 588 S.W.2d 900, 905 (Tex.Crim.App.1979).

MIRABAL, J., dissents.

MIRABAL, Justice, dissenting.

I dissent.

I disagree with the majority's statement that "the record is devoid of any evidence that proves or even suggests that appellant knew what Head was doing or thinking when Head initially approached him and his two friends, or when he subsequently chased and arrested him...."

This is a circumstantial evidence case. In reviewing the sufficiency of the evidence to support a conviction, the evidence is viewed in the light most favorable to the judgment. *Flournoy v. State,* 668 S.W.2d 380, 383 (Tex.Crim.App.1984). The critical inquiry is whether, after viewing the entire body of evidence in the light most favorable to the judgment, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *see also Sharp v. State,* 707 S.W.2d 611, 614 (Tex.Crim.App.1986), *cert. denied,* 488 U.S. 872, 109 S.Ct. 190, 102 L.Ed.2d 159 (1988). The standard of review is the same for both direct and circumstantial evidence. Where circumstantial evidence is involved, the circumstances must exclude every other *reasonable* hypothesis except that of the guilt of the defendant. *Moore v. State,* 640 S.W.2d 300, 302 (Tex.Crim.App.1982).[1]

In my opinion, the following evidence was sufficient to support the jury's finding, beyond a reasonable doubt, that appellant knew, at the time he assaulted Officer Head, that Head was "investigating a possible drug transaction."

It was 1:00 o'clock in the morning. Appellant was in the parking lot of an apartment complex known to be in a high drug trafficking area. Appellant was on a bicycle, and was talking to two men. Appel-

---

1. This case was tried prior to the issuance of the opinion in *Geesa v. State,* 820 S.W.2d 154 (Tex. Crim.App.1991).

lant, a young man of 18 or 19 years of age, had $160 in cash and a beeper in his possession. Appellant had *just* handed what appeared to be money to one of the men, and had *just* received in return a small package that appellant placed under his cap,[2] *when* a police car drove up, with lights flashing. The officer immediately got out of the car and yelled "come here." Appellant immediately fled on his bicycle, and Officer Head pursued him with his car emergency lights flashing. When appellant got off his bicycle, Head chased him on foot.

Escape and flight are circumstances from which an inference of guilt may be drawn. *McWherter v. State*, 607 S.W.2d 531, 535 (Tex.Crim.App.1980). Considering all the circumstances, including the time of night, the high drug trafficking area, the exchange the police officer obviously observed just before he drove into the parking lot with his emergency lights on, and appellant's immediate flight, the jury could have reasonably concluded, beyond a reasonable doubt, that appellant knew Officer Head drove into the parking lot to investigate what had *just* transpired, which could have been a drug transaction.

I would overrule point of error eight, and then consider and rule on the remaining points of error.

2. Officer Head testified these actions were consistent with a drug transaction, according to the officer's experience and training in narcotics.