MARY'S OPINION HEADING 









                                                NO.
12-05-00049-CR

 

IN THE COURT OF APPEALS 

 

TWELFTH COURT OF APPEALS
DISTRICT

 

TYLER,
TEXAS

CARLOS L. MUSE,  §                      APPEAL
FROM THE 241ST

APPELLANT

 

V.        §                      JUDICIAL
DISTRICT COURT OF

 

THE
STATE OF TEXAS,

APPELLEE   §                      SMITH
COUNTY, TEXAS

                                                                                                        
                                                      

MEMORANDUM
OPINION

            A jury convicted Appellant of the offense of aggravated
assault on a public servant.  Upon his plea
of true to the enhancement allegation in the indictment, the jury assessed his
punishment at confinement for twenty years. 
In his first two issues, Appellant challenges the legal and factual
sufficiency of the evidence to show that he acted knowing that the complainant
was lawfully discharging an official duty. 
In his third issue, he contends that since the court charged the jury
that “the actor is presumed to have known the person assaulted was a public
servant if the person was wearing a distinctive uniform or badge indicating his
employment as a public servant,” the trial court reversibly erred in not also
giving the charge on presumptions set out in Texas Penal Code subsection
2.05(2).  We affirm.

 

Background








            Tyler Police Sergeant Edgar Sheffield, while on patrol in
a Tyler police car and while wearing his police uniform, attempted to stop a
blue Pontiac that had passed him at a high rate of speed.  The driver refused to stop, running two stop
signs in an effort to evade arrest.  The
blue Pontiac stopped on Bellaire Street where both the driver and the passenger
fled on foot.  The driver was later
identified as Appellant.  Officer
Sheffield pursued Appellant on foot for some five or six hundred feet calling
on him to stop.  Appellant did not stop,
but doubled back to the blue Pontiac. 
While Sergeant Sheffield was attempting to prevent Appellant from
driving off in the blue Pontiac, Appellant closed the car door on Sergeant
Sheffield’s arm causing injury. 
Appellant drove away, but was apprehended after a second car chase.  Sergeant Sheffield’s injury caused him pain,
but did not require medical attention. 
Appellant’s driver’s license was suspended at the time of the incident.

 

Legal and Factual Sufficiency of the Evidence

            In his first two issues, Appellant contends the evidence
is both legally and factually insufficient to show that he knew that Sergeant
Sheffield was lawfully discharging an official duty at the time of the assault.

Standard of Review

            In reviewing a legal sufficiency challenge, an appellate
court must view the evidence in the light most favorable to the verdict to
determine whether any rational trier of fact could have found all of the
essential elements of the charged offense beyond a reasonable doubt.  Jackson v. Virginia, 443 U.S.
307, 319, 99 S. Ct. 2781, 2789, 61 L. Ed. 2d 560 (1979); Sanders v. State,
119 S.W.3d 818, 820 (Tex. Crim. App. 2003).

            In conducting a factual sufficiency review, the reviewing
court must “review all the evidence in a neutral light,” not in the light most
favorable to the verdict.  Johnson
v. State, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000).  The court of criminal appeals has recently
more fully elaborated the factual sufficiency standard of review.

 

There
is only one question to be answered in a factual-sufficiency review:
Considering all of the evidence in a neutral light, was a jury rationally
justified in finding guilt beyond a reasonable doubt?  However, there are two ways in which the
evidence may be insufficient.  First, when
considered by itself, evidence supporting the verdict may be too weak to support
the finding of guilt beyond a reasonable doubt. 
Second, there may be both evidence supporting the verdict and contrary
to the verdict.  Weighing all evidence
under this balancing scale, the contrary evidence may be strong enough that the
beyond-a- reasonable-doubt standard could not have been met, so that the guilty
verdict should not stand.  This standard
acknowledges that evidence of guilt can “preponderate” in favor of conviction
but still be insufficient to prove the element of the crime beyond a reasonable
doubt.  Stated another way, evidence
supporting guilt can “outweigh” the contrary proof and still be factually
insufficient under a beyond-a- reasonable-doubt standard.

 

Zuniga v. State, 144
S.W.3d 477, 484-85 (Tex. Crim. App. 2004).

Analysis

            Appellant concedes that ordinarily the State need not
prove that the person committing assault on a public servant knew at the time
of the assault that the public servant was lawfully discharging an official
duty.  See Montoya v. State,
744 S.W.2d 15, 30 (Tex. Crim. App. 1987). 
Appellant argues, however, that a different rule applies here because
the application paragraph of the jury charge incorporates language permitting
the jury to convict Appellant only if they believed that at the time of the
assault Appellant knew that Sergeant Sheffield was lawfully discharging an
official duty, “to wit: investigating criminal activity and detaining Appellant
for evading arrest and detention.” 
Therefore, Appellant argues, the State is held to the enhanced burden of
proving not only that Appellant knew that Sergeant Sheffield was lawfully
discharging an official duty, but also that he knew that Sheffield was
attempting to detain him for “evading arrest and detention” at the time of the
assault.  The State, he contends, offered
absolutely no evidence regarding his knowledge of why he was being
arrested.  Relying on Williams v.
State, 833 S.W.2d 701, 704 (Tex. App.–Houston [1st Dist.] 1992, pet.
ref’d), Appellant insists that when the State allows a charge to go before the
jury with an increased burden, the State is held to the higher burden.  

            In our view, the charge did not require the State to
prove that Appellant knew Sheffield was performing an official duty in
attempting to detain him for investigation of criminal activity and evading
arrest.  But no error is shown even if we
accept Appellant’s interpretation.  The
line of cases relied upon by Appellant was expressly overruled by the court of
criminal appeals in Malik v. State, 953 S.W.2d 234, 239-40 (Tex.
Crim. App. 1997).  The court held that “the
sufficiency of the evidence is measured against the offense as defined by a
hypothetically correct jury charge.”  Id.
 Such a charge is “one that
accurately sets out the law, is authorized by the indictment, does not
unnecessarily increase the State’s burden of proof or unnecessarily restrict
the State’s theories of liability, and adequately describes the particular
offense for which the defendant was tried.” 
Id. at 240. 
Therefore, the sufficiency of the evidence is no longer measured by the
application paragraph of the charge, but by the essential elements of the
offense as contained in a hypothetically correct jury charge.

            Texas Penal Code Subsection 22.01 provides, in pertinent
part, as follows:

 

(a)           A
person commits an offense if the person:

(1)           intentionally,
knowingly or recklessly causes bodily injury to another, including the person’s
spouse; 

 

                                . . . .

 

(b)           An
offense under Subsection (a)(1) is a Class A misdemeanor, except that the
offense is a felony of the third degree if the offense is committed against:

 

(1)           a
person the actor knows is a public servant while the public servant is lawfully
discharging an official duty, . . .

 

 

Tex.
Pen. Code Ann. § 22.01(a)(1), (b)(1) (Vernon Supp. 2005).  Therefore, the State had the burden to prove
that (1) Appellant intentionally, knowingly, or recklessly caused bodily injury
(2) to a person he knew was a public servant (3) while the public servant was
lawfully discharging an official duty.

             A hypothetically
correct jury charge does not require proof that the defendant knew at the time
of the assault that the public servant was lawfully discharging an official
duty.  Nor does it require proof of his
knowledge of the nature of that duty. 
Appellant’s first two issues are without merit and are overruled.

 

Charge Error

            In his third issue, Appellant contends the trial court
erred in failing to give the charge on presumptions set out in Texas Penal Code
Subsection 2.05(2) as was required when the trial court charged the jury on the
existence of a presumption contained in Texas Penal Code Subsection  22.01(d).

            In paragraph two of the charge, the trial court
instructed the jury that “[a]n actor is presumed to have known the person
assaulted was a public servant if the person was wearing a distinctive uniform
or badge indicating the person’s employment as a public servant.”  Subsection 2.05(2) provides, in pertinent
part, that

 

if
the existence of a presumed fact is submitted to the jury, the court shall
charge the jury in terms of the presumption and the specific element to which
it applies, as follows:

 

(A)          that
the facts giving rise to the presumption must be proven beyond a reasonable
doubt;

 

(B)          that
if such facts are proven beyond a reasonable doubt the jury may find that the
element of the offense sought to be presumed exists, but it is not bound to so
find;

 

(C)          that
even though the jury may find the existence of such element, the state must
prove beyond a reasonable doubt each of the other elements of the offense
charged; and

 

(D)          if
the jury has a reasonable doubt as to the existence of a fact or facts giving
rise to the presumption, the presumption fails and the jury shall not consider
the presumption for any purpose.

 

 

Tex.
Pen. Code Ann. § 2.05(2) (Vernon Supp. 2005).

            Appellant did not object to the omission of this
instruction.  An appellant who did not
preserve charge error has the burden on appeal of showing the erroneous charge
resulted in such egregious harm that he did not receive a fair and impartial
trial.  Almanza v. State,
686 S.W.2d 157, 171 (Tex. Crim. App. 1985). 
The reviewing court assesses the actual degree of harm “in the light of
the entire jury charge, the state of the evidence, including the contested
issues and weight of probative evidence, the argument of counsel[,] and any
other relevant information revealed by the record of the trial as a whole.”  Id.

            Before the assault, Sergeant Sheffield pursued Appellant
driving a fully marked Tyler Police Department vehicle, and then he pursued
Appellant on foot yelling loudly that he was a police officer and ordering
Appellant to stop.  Throughout the chase
and during the struggle at Appellant’s car, Sergeant Sheffield was wearing a
Tyler Police Department uniform.  There
was no evidence to contradict the presumption raised by Texas Penal Code
Subsection 22.02(b).  Although the trial
court erred by not giving the required charge under Subsection 2.05 of the
Penal Code, any resulting harm was not so egregious that it denied Appellant a
fair and impartial trial.  See Rudd
v. State, 921 S.W.2d 370, 373 (Tex. App.–Texarkana 1996, pet. ref’d).  Appellant’s third issue is overruled.

 

Disposition

            The judgment is affirmed.

                                                                                                    BILL BASS 
  

                                                                                                            Justice

Opinion
delivered May 26, 2006.

Panel
consisted of Worthen, C.J., Griffith, J., and Bass, Retired Justice, Twelfth
Court of Appeals, Tyler, sitting by assignment.

 

 

(DO NOT PUBLISH)