NO.
12-07-00075-CR

 

IN THE COURT OF APPEALS 

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

BRENT GREGORY MOORE,         §                      APPEAL FROM THE 241ST 

APPELLANT

 

V.        §                      JUDICIAL DISTRICT COURT OF

 

THE STATE OF TEXAS,

APPELLEE   §                      SMITH COUNTY, TEXAS

                                                                                                                                                           


MEMORANDUM OPINION

            Brent
Gregory Moore appeals his conviction for aggravated assault on a public
servant.  In three issues, he argues that
the evidence was legally and factually insufficient to support the conviction
and that the trial court erred when it allowed a witness to assert a Fifth Amendment
privilege and refuse to testify.  The
State did not file a brief.  We affirm.

 

Background

            Smith
County sheriff’s deputy Ron Rathbun was investigating a burglary.  He was looking for Appellant when another
witness told him where to find Appellant. 
Rathbun went to that location and found Appellant working on an
automobile.  Rathbun was a detective, and
he was not in a traditional uniform or in a marked patrol car.  According to his testimony, he identified
himself as a sheriff’s deputy and asked Appellant his name.  When Appellant would not provide his name,
Rathbun called for backup officers.  Two
deputies, who also were not in traditional uniforms or a marked patrol car,
arrived, and the three of them attempted to arrest Appellant for the offense of
failure to identify.  Appellant fled from
them and fought with the officers when he was apprehended. 








            A
Smith County grand jury indicted Appellant for the felony offense of assault on
a public servant, specifically, Ira Earls, one of the deputies who assisted
Rathbun.  A jury trial was held.  During the trial, Appellant called two
eyewitnesses to his interaction with the deputies.  They testified that the men did not identify
themselves as sheriff’s deputies, that the deputies did not tell Appellant that
he was under arrest, and that they did not see Appellant run from or assault
the men.  Appellant also called a third
eyewitness, Tammy Frizzell.  Frizzell was
under indictment for the felony offense of driving while intoxicated with a
child passenger, an offense alleged to have occurred before the incident
involving Appellant.  She refused to
testify, invoking her right not to incriminate herself pursuant to the Fifth
Amendment.  Appellant objected, but the
trial court refused to order her to testify. 
The witness freely answered questions when Appellant made an offer of
proof of her testimony outside the presence of the jury.  The jury convicted Appellant as charged and
assessed punishment at six years of imprisonment.  This appeal followed. 

 

Sufficiency
of the Evidence

            In
his first and second issues, Appellant argues that the evidence was
insufficient to support the conviction. 
Specifically, he argues that there was no evidence, or insufficient
evidence, to prove that he knew the victim of the assault was a public servant
or that the victim was attempting to arrest him.  

Standards of Review

            The
due process guarantee of the Fourteenth Amendment requires that a conviction be
supported by legally sufficient evidence. 
See Jackson v. Virginia, 443 U.S. 307, 315–16, 99
S. Ct. 2781, 2786–87, 61 L. Ed. 2d 560 (1979); Ross v. State, 133
S.W.3d 618, 620 (Tex. Crim. App. 2004); Willis v. State, 192
S.W.3d 585, 592 (Tex. App.–Tyler 2006, pet. ref’d).  Evidence is not legally sufficient if, when
viewing the evidence in a light most favorable to the verdict, we conclude that
no rational trier of fact could have found the essential elements of the
offense beyond a reasonable doubt.  See
Jackson, 443 U.S. at 319, 99 S. Ct. at 2789; see also Johnson
v. State, 871 S.W.2d 183, 186 (Tex. Crim. App. 1993).

            While legal sufficiency review is all that is required by
the U.S. Constitution, the Texas Court of Criminal Appeals has determined that
the Texas Constitution requires review of the factual sufficiency of the
evidence.  Clewis v. State,
922 S.W.2d 126, 129–30 (Tex. Crim. App. 1996). 
We review the factual sufficiency of the evidence to determine whether,
considering all the evidence in a neutral light, the evidence supporting the
conviction is too weak to withstand scrutiny or the great weight and preponderance
of the evidence contradicts the jury’s verdict to the extent that the verdict
is clearly wrong and manifestly unjust.  See
Watson v. State, 204 S.W.3d 404, 414–15, 417 (Tex. Crim. App.
2006).  In doing so, we must first assume
that the evidence is legally sufficient under the Jackson v. Virginia
standard.  See Clewis,
922 S.W.2d at 134.  We then consider all
of the evidence that tends to prove the existence of the elemental fact in
dispute and compare it to the evidence that tends to disprove that fact.  See Santellan v. State,
939 S.W.2d 155, 164 (Tex. Crim. App. 1997).

            Our role is that of appellate review, and the fact finder
is the judge of the weight and credibility of a witness’s testimony.  Wesbrook v. State, 29 S.W.3d 103, 111–12
(Tex. Crim. App. 2000).  The fact finder
may choose to believe all, some, or none of a witness’s testimony.  Sharp v. State, 707 S.W.2d 611,
614 (Tex. Crim. App. 1986).  When we
review the factual sufficiency of the evidence, we are authorized to disagree
with the jury’s determination, even if probative evidence exists that supports
the verdict.  See Clewis,
922 S.W.2d at 133.  But our evaluation
should not substantially intrude upon the jury’s role as the judge of the
weight and credibility of witness testimony. 
See Santellan, 939 S.W.2d at 164. 

Analysis

            The State was required to prove that Appellant
intentionally, knowingly, or recklessly caused bodily injury to Ira Earls, that
Appellant knew that Earls was a public servant, and that Earls was discharging
an official duty.  See Tex. Penal Code Ann. § 22.01(b)(1)
(Vernon Supp. 2007).[1] 
Appellant argues that there was no evidence that he knew Earls was a
public servant or that he knew Earls was discharging an official duty, but does
not dispute the evidence on the remaining elements.

            We note that the State need not prove that Appellant knew
Earls was “lawfully discharging an official duty.”  Montoya v. State, 744 S.W.2d
15, 30 (Tex. Crim. App. 1987), overruled on other grounds by Cockrell v.
State, 933 S.W.2d 73 (Tex. Crim. App. 1996).  The primary officer, Rathbun, testified that
he told Appellant that he was a sheriff’s deputy and that he showed him his
wallet, which contained a badge and identification.  Each of the three deputies had badges on
their belts, and Rathbun wore a shirt with a badge embroidered on it.  A photograph of Rathbun from the day of the
incident was admitted into evidence. 
Rathbun and Earls testified that Rathbun told Appellant he was under arrest,
whereupon Appellant began to flee.  The
two eyewitnesses testified differently. 
One testified that Rathbun was not wearing the shirt with the
embroidered badge and that the deputies’ badges were not immediately
visible.  The other testified that Rathbun
was wearing a different shirt and that the badges were not visible.  The second witness, who saw more of the
interaction, testified that the three officers simply walked up to Appellant
and tackled him and that she did not hear anyone identify himself as a deputy
or tell Appellant he was under arrest.  

            Rathbun’s testimony establishes, for purposes of legal
sufficiency, sufficient evidence for a rational jury to conclude that the State
had proven the elements of the offense. 
He testified that he identified himself as a sheriff’s deputy and that
he told Appellant he was under arrest. 
He requested handcuffs from Earls in Appellant’s presence.  This is sufficient notice, under the
circumstances, for Appellant to know that Earls was a sheriff’s deputy even if
he did not see Earls’s badge.

            With respect to the factual sufficiency of the evidence,
the two versions of events can be reconciled by concluding that the
eyewitnesses saw the interaction between Appellant and the sheriff’s deputies
only after Appellant had run from them. 
Both witnesses said they did not see him run and that their attention
was drawn to the situation when all three officers were present.  As such, their testimony does not necessarily
conflict with Rathbun’s testimony.  The
eyewitnesses may have simply missed Rathbun’s telling Appellant he was a peace
officer—it is not clear they were close enough to hear it—and missed his
showing Appellant his identification.  In
that context, the evidence is not factually insufficient.  

            On the other hand, if we consider the evidence to show
two sharply different sequences of events, one where the officer identifies
himself and tells Appellant he is under arrest, and another where the three
officers simply appear and immediately attempt to bring Appellant into custody,
the choice as to which rendition of events is accurate is the kind of factual
determination to be made by a jury. 
Under either view of the evidence, the jury’s reconciliation of the
evidence is reasonable.  The evidence
supporting the conviction is neither too weak to withstand scrutiny nor does
the great weight and preponderance of the evidence contradict the jury’s
verdict to the extent that the verdict is clearly wrong and manifestly
unjust.  We overrule Appellant’s first
and second issues.

 

Right Against Self Incrimination

            In his third issue, Appellant argues that the trial court
erred when it permitted a witness to refuse to testify after asserting her
right not to incriminate herself pursuant to the Fifth Amendment to the United
States Constitution.

Facts

            Tammy Frizzell observed the interaction between
Appellant and the officers.  She was
under indictment for the felony offense of driving while intoxicated with a
child passenger at the time of Appellant’s trial.  Frizzell was in jail at the time of trial,
and the State suggested that she needed a lawyer.  Appellant’s counsel questioned why she would
need counsel, arguing that her pending charge was not relevant and that she
could not be impeached by it.  The State
argued that questions about the pending charge were relevant and argued, “Judge,
obviously, that would go to their [sic] motive or bias against testifying.”  

            The trial court appointed counsel and asked the State
what questions it intended to ask.  The
State said that it did not intend to get into the underlying facts of the
offense, but just to ask if Frizzell was currently under indictment for that
charge.  Moments later the assistant
district attorney said, “Judge, I’m only going to ask her if she’s been charged,
and that’s it.”  The trial court ruled
that it would allow the question on the basis that the pending indictment could
“show bias for [sic] testimony of a witness.”

            Frizzell’s lawyer told the court that Frizzell intended
to invoke her Fifth Amendment right not to testify.  Although he did not voice an objection to any
of the anticipated questions, her lawyer said that, in his experience, there
was no way to limit cross examination once a person is on the witness
stand.  Appellant’s counsel argued that
Frizzell should not be permitted to invoke her right in the context of this
case.  The assistant district attorney
again said that the only thing he was going to ask Frizzell was “[a]re you
currently under indictment and in the Smith County Jail for the offense of DWI
with a child under the age of 16 years of age.” 
The trial court said, “That’s what [the assistant district attorney] has
stated his question is going to be, but [counsel] represents this witness and
if she invokes her Fifth Amendment right to testify and [counsel] has stated
what he believes to be the grounds for it, I’m, of course, not going to force
her to testify, if she’s invoking her Fifth Amendment privilege.”  

            Appellant’s counsel told the court that he wished to make
a bill of Frizzell’s testimony.  He then
proceeded to ask Frizzell a series of questions about the incident involving
his arrest.  Frizzell did not assert a
Fifth Amendment privilege not to answer any of the questions.  

Analysis

            At issue is a collision between Appellant’s
constitutional right to call witnesses and the witness’s constitutional right
against self incrimination. The Fifth Amendment of the United States
Constitution provides in part that “[n]o person . . . shall be compelled in any
criminal case to be a witness against himself. . . .”  It is well settled that an individual’s
constitutional privilege against self incrimination overrides a defendant’s
constitutional right to compulsory process of witnesses.  See Bridge v. State, 726 S.W.2d
558, 567 (Tex. Crim. App. 1986).  But it
is error for a court to allow a witness to claim a privilege when no right to
claim the privilege exists.  See Franco
v. State, 491 S.W.2d 890, 891 (Tex. Crim. App. 1973). 

            Generally, a witness who claims the Fifth Amendment
privilege is not the exclusive judge of the right to exercise the privilege;
rather, the trial court is entitled to determine whether the refusal to answer
appears to be based upon the good faith of the witness and is justifiable under
the circumstances.  See Farmer
v. State, 491 S.W.2d 133, 135 (Tex. Crim. App. 1973).  Where it is clear that the testimony would
not incriminate the witness, the trial court errs when it allows the witness to
refuse to testify.  See Grayson v.
State, 684 S.W.2d 691, 696 (Tex. Crim. App. 1984) (A trial court “cannot
compel a witness to answer unless it is perfectly clear, from a careful
consideration of all the circumstances in the case, that the witness is
mistaken in asserting the privilege, and that the answer cannot possibly tend
to incriminate the witness. . . .”).

            The Supreme Court in Hoffman v. United States,
341 U.S. 479, 486–87, 71 S. Ct. 814, 818, 95 L. Ed. 1118 (1951), held that “to
sustain the privilege it need only be evident in the setting in which it is
asked, that a responsive answer to the question or an explanation of why it
cannot be answered might be dangerous because injurious disclosure could
result.”  In appraising the claim, the
trial court “must be governed by [its] personal perceptions of the
peculiarities of the case as by the facts actually in evidence.”  Id., 341 U.S. at 487, 71 S. Ct.
at 818.[2]


            In this case, the facts actually in evidence show that
Frizzell’s invocation of her right was spurious.  Frizzell was not concerned that the questions
Appellant wished to ask were incriminating; indeed she answered them for the
bill without being granted immunity or being compelled to testify.[3]  And she voiced no objection to the State’s
intended question that she was the same person charged with the felony driving
while intoxicated charge.  Instead, even
though no one suggested such questions would be asked, counsel’s sole concern
was that Frizzell could be asked about the details of the charge pending
against her.  

            Such questions would implicate her right not to
incriminate herself, but in the context of this case it is difficult to see why
such a scenario would arise.  Furthermore,
we know of no reason that the trial court could not have ordered Frizzell to
testify, but allowed her to reassert her privilege if questions that might
incriminate her were asked.  Counsel’s
perception of the trial court’s powerlessness to limit the scope of cross
examination is without a basis that we can determine, and the State has
declined to supply us with any rationale for it.  

            A witness cannot refuse to answer a question that does
not incriminate her just because she could assert the privilege in response to
some other question.  See, e.g.,
Reese v. State, 877 S.W.2d 328, 337 (Tex. Crim. App. 1994) (“A
witness may not withhold all of the evidence demanded of him merely because
some of it may be protected from disclosure by the Fifth Amendment.”).  Furthermore, the trial court certainly could
have insisted that the State hold to its stated position that it only intended
to ask if Frizzell had been charged with an offense.[4]  Because no party intended to ask Frizzell any
questions that would tend to incriminate her, the trial court erred when it
allowed her to assert her Fifth Amendment privilege not to testify. 

            Errors in evidentiary rulings that prevent a defendant
from presenting evidence are nonconstitutional error unless they prevent a
defendant from presenting his defense. 
See Walters v. State, No. PD-1952-06, 2007 Tex.
Crim. App. LEXIS 1701, at *42–43 (Tex. Crim. App. Dec. 5, 2007).  Appellant does not argue that there is
constitutional error, and we must disregard nonconstitutional error if it does
not affect the defendant’s substantial rights.  Tex. R. App. P.
44.2(b).  

            The court of criminal appeals has recently considered two
cases involving the erroneous exclusion of evidence for the defense.  The key to whether the defendant’s substantial
rights were affected was whether the erroneous ruling prevented the defendant
from presenting evidence on a critical element of the offense.  In Ray v. State, 178 S.W.3d
833, 835 (Tex. Crim. App. 2005), the trial court erroneously excluded testimony
of a witness who would have testified that he gave drugs to the driver of a
car.  Because the defendant testified to
the same facts, the court held that the error was not constitutional error
because she was able to present her defense. 
Id. at 836.  But it was
reversible error under the nonconstitutional error standard because “the jury
did not have the benefit of the third-party testimony upon the most critical
element the State had the burden to prove. . . .”  Id.  In Walters the court held that
erroneously excluded evidence was nonconstitutional error because the same
facts were established with other evidence, and it remanded the case to the
court of appeals for harm analysis.  Walters, 2007 Tex. Crim. App. LEXIS
1701, at *52–53.  

            This case is different from Ray because
Frizzell’s testimony would not have advanced the defense Appellant
employed.  Appellant’s defense was that
the officers did not identify themselves and did not inform Appellant that he
was under arrest.  Frizzell’s testimony
would not have advanced either of these evidentiary assertions.  First of all, her testimony was consistent
with the officers’ testimony, and conflicted with the other eyewitnesses as to
Appellant’s flight from the officers. 
She testified that the first officer approached Appellant and asked his
name.  In her written statement, which
was admitted and which she admitted was true, Frizzell said that they talked
for about fifteen minutes.  In both her
testimony and her written statement, Frizzell said that Appellant fled when the
other officer brought out his handcuffs. 
She testified that she did not see the badges, but never said that she
did not know that the men were officers and did not testify that Rathbun did
not identify himself as a sheriff’s deputy. 
In fact, in her written statement, she described Rathbun as an “officer.”  She testified that she called 911 not because
she thought a group of men were assaulting Appellant, but because she was
concerned that the “officers” were beating Appellant while he was handcuffed.  Frizzell was much closer to the incident than
the other eyewitnesses, and she never had any apprehension, as they did, that
the men were not sheriff’s deputies and were simply assaulting Appellant.

            As such, Frizzell’s testimony did not advance the theory
that Appellant did not know the officers were sheriff’s deputies or that he had
not been told he was under arrest.  If
anything, her statement, while not complimentary of the deputies’ actions,
corroborated the time line testified to by Rathbun, and contradicted the other
eyewitnesses’ statements that the deputies simply arrived and tackled
Appellant.  Therefore, the excluded
testimony did not challenge or contest any critical element of the case.  To the extent that Frizzell did not see the
badges, her testimony that alludes to knowing the men were officers makes that
distinction unimportant.  She had the
same vantage as did Appellant, and Frizzell knew Rathbun was an officer.  Her testimony generally, and on that matter
specifically, would have hurt Appellant’s case, not advanced it.  Therefore, we hold that Appellant suffered no
harm because Frizzell’s testimony did not advance his defense on a critical
issue.  We overrule Appellant’s third
issue.

 

Disposition

            Having overruled Appellant’s three issues, we affirm
the judgment of the trial court.

 

 

                                                                                                   JAMES T. WORTHEN   

                                                                                                               Chief Justice

 

 

Opinion delivered January
31, 2008.

Panel consisted of
Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

(DO NOT PUBLISH)











[1] Citing Arceneaux v. State, 803
S.W.2d 267, 270–71 (Tex. Crim. App. 1990) and Williams v. State,
833 S.W.2d 701, 704 (Tex. App.–Houston [1st Dist] 1992, pet. ref’d), Appellant
argues that the State was also required to prove that he knew Earls was a
sheriff’s deputy and that he knew he was being arrested, because those
additional facts were alleged in the indictment and recited in the jury
charge.  As we have noted before, this
line of cases was overruled by Malik v. State, 953 S.W.2d 234,
239-40 (Tex. Crim. App. 1997), and a proper analysis of the sufficiency of the
evidence compares the evidence to a hypothetically correct jury charge based on
the relevant statutory elements of the offense. 
See Thurman v. State, Nos. 12-05-00384-CR, 12-05-00385-CR,
2007 Tex. App. LEXIS 135, at *11–13 (Tex. App.–Tyler 2007, no pet.) (mem. op.,
not designated for publication); Baxter v. State, No. 12-03-00042-CR,
2004 Tex. App. LEXIS 4861, at *5–7 (Tex. App.–Tyler 2004, pet. ref’d) (mem.
op., not designated for publication).





[2] Though the
State does not argue it, there is a line of cases beginning with Ross v.
State, 486 S.W.2d 327, 328 (Tex. Crim. App. 1972), which holds that a
trial court need not inquire further into the propriety of the invocation of
the right not to testify when the witness is represented by counsel.  See, e.g., Boler v. State,
177 S.W.3d 366, 371 (Tex. App.–Houston [1st Dist.] 2005, pet. ref’d); Suarez
v. State, 31 S.W.3d 323, 329 (Tex. App.–San Antonio 2000, no pet.); Castillo
v. State, 901 S.W.2d 550, 553 (Tex. App.–El Paso 1995, pet. ref’d); Chennault
v. State, 667 S.W.2d 299, 302 (Tex. App.–Dallas 1984, pet. ref’d).

                We do not conclude that Ross stands for
the proposition that a represented witness’s assertion of the right can never
be challenged.  In fact, in both Farmer
and Grayson, the witness was represented by counsel.  Farmer, 491 S.W.2d at 135; Grayson
v. State, 684 S.W.2d at 696. 
That fact was not considered in the court’s analysis in either
case.  And in Reese v. State,
877 S.W.2d 328, 337 (Tex. Crim. App. 1994), the court of criminal appeals found
that the invocation of the right not to testify was spurious despite a lower
court ruling that cited Ross and held, in part, that the trial
court was relieved of the obligation to make any further determination of
whether the witness's claim of the Fifth Amendment privilege was valid because
the witness was represented by counsel.  Reese
v. State, 846 S.W.2d 437, 441 (Tex. App.–Houston [14th Dist.] 1992), rev’d
on other grounds, 877 S.W.2d 328 (Tex. Crim. App. 1994).





[3]
Answering questions in the context of a bill has been held to waive the
privilege.  See Franco, 491
S.W.2d 891 n.1 (Tex. Crim. App. 1973). 
However, Appellant did not make this argument at trial and does not
advance it here.  See Brown v.
State, 500 S.W.2d 653, 655 (Tex. Crim. App. 1973) (Appellant may not
claim for the first time on appeal that privilege is waived.).





[4]
In some instances, identifying oneself as the person charged in a case might be
incriminating.  Frizzell’s counsel did
not argue that the State’s intended question was troublesome, just that the
cross examination could spiral in unpredictable ways.